UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PEARLIE ROBINSON,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| vs. } | |
| } | |
| **AFFIRMATIVE INSURANCE** } | **CASE NO. 2:12-cv-2159-SLB** |
| **HOLDINGS, INC.;** } | |
| **AFFIRMATIVE INSURANCE** } | |
| **COMPANY; USAGENCIES** } | |
| **MANAGEMENT SERVICES,** } | |
| **INC.; LIFCO, LLC,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

This case is currently before the court on plaintiff Pearlie Robinson's ("plaintiff") Motion to Remand, (doc. 4).[1]  Upon consideration of the record, the submissions of the parties, the relevant law, and the arguments of counsel, the court is of the opinion that the Motion to Remand is due to be denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action against defendants Affirmative Insurance Holdings, Inc., Affirmative Insurance Company ("AIC"), USAgencies Management Services, Inc. ("USAMS"), and Lifco, LLC (collectively "defendants") in the Circuit Court of Jefferson County, Alabama, regarding the issuance of an automobile insurance policy and the

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

subsequent denial of a property damage claim arising thereunder.

On the evening of January 27, 2010, plaintiff parked her 2008 Kia Spectra outside her home and went to bed. (Doc. 1-1 ¶¶ 8, 10.) Plaintiff's vehicle was insured under an automobile insurance policy issued by AIC, which provided for "full coverage" for loss and damage resulting from "theft, fire, larcency, malicious mischief and/or vandalism." (*Id*. ¶ 9.) The following morning, plaintiff discovered that her vehicle was missing. (*Id*. ¶ 10.) Plaintiff reported the incident to law enforcement authorities, characterizing it as a "theft." (*Id*. ¶ 11.) Authorities eventually located and recovered the missing vehicle, but the vehicle had sustained damage which had not existed prior to being stolen. (*Id*. ¶ 12.) Plaintiff notified defendants AIC and USAMS of the damage and submitted a claim for insurance benefits and indemnity in accordance with the terms and provisions of the insurance policy. (*Id*. ¶ 14.) Defendants denied plaintiff's claim on April 29, 2010, concluding that the damage to plaintiff's vehicle did not fall within the insurance policy's definition of "loss." (*Id*. ¶ 17.) The insurance policy defined "loss" as a "direct, sudden, and accidental loss or damage." (*Id*.)

On April 24, 2012, plaintiff filed suit against defendants in the Circuit Court of Jefferson County, Alabama. The fifty-one paged Complaint sets forth claims for (1) breach of contract, (2) bad faith failure to investigate, (3) bad faith claim denial, (4) intentional infliction of emotional distress, (5) misrepresentation and suppression, (6) negligent hiring, training, and supervision, and (7) invasion of privacy, false light, and infliction of emotional

distress. (*Id*. ¶¶ 51-127.)  The essence of the Complaint centers on the events surrounding defendants' denial of plaintiff's insurance claim.  However, plaintiff also alleges that defendants misrepresented and suppressed material facts prior to her purchasing the insurance policy, fraudulently calculated plaintiff's premium rate, and charged her unnecessary fees.  (*Id*. ¶¶ 33-42.)

Defendants removed this action on June 13, 2012, alleging diversity jurisdiction under 28 U.S.C. § 1332(a).  (*See* doc. 1.)  Although the Complaint contains no *ad damnum* clause, the Notice of Removal asserts that the amount in controversy exceeds the jurisdictional threshold of $75,000.  (*Id*. at 6-11.)  Plaintiff filed the instant Motion to Remand, (doc. 4), and Brief in Support, (doc. 5), contending that defendants have not sufficiently established that the amount in controversy exceeds $75,000.  This matter has been fully briefed and is ripe for adjudication.

## II.  DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Accordingly, "when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1556-57 (11th

Cir. 1989)).

A removing defendant carries the burden of establishing the propriety of removal under section 1441 and, therefore, must establish the existence of federal jurisdiction. *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citation omitted). Because federal jurisdiction is limited, the Eleventh Circuit has held that cases removed from state court are to be remanded "where federal jurisdiction is not absolutely clear." *See Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). To this end, "removal statutes are to be strictly construed, with all doubts resolved in favor of remand." *Id*. (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied*, 520 U.S. 1162 (1997)). Moreover, all facts alleged in the complaint are construed in favor of the plaintiff, and all "uncertainties" regarding the substantive state law are resolved in favor of the plaintiff. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted).

28 U.S.C. § 1446(b) makes removal proper in two instances. In the first instance, which is delineated in section 1446(b)(1) (formerly referred to as "first paragraph removal"), removal is based upon the plaintiff's initial pleading.[2] Under section 1446(b)(1), the notice

---

[2] Prior to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, PL 112–63, 125 Stat. 758, section 1446(b) did not contain subsections distinguishing between what is now section 1446(b)(1) removal and section 1446(b)(3) removal. What is now section 1446(b)(1) was found in the "first paragraph" of the former section 1446(b), and section 1446(b)(3) was found in the "second paragraph." Despite the stylistic changes to the statute, the substance of removal procedure remains unchanged; therefore, the case law discussing "first paragraph" and "second paragraph" removal standards is applicable here.

of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Cases may also be removed under section 1446(b)(3) (formerly referred to as "second paragraph removal"). A case not initially removable under section 1446(b)(1) may be removed under section 1446(b)(3) if the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

By relying on plaintiff's initial pleading to show that removal is appropriate, defendants have removed this matter pursuant to section 1446(b)(1), but the state court documents attached to the Notice of Removal indicate that defendants failed to remove this matter within the thirty-day time prescription for section 1446(b)(1) removals. This procedural defect does not make remand mandatory, however. 28 U.S.C. § 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." *See also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.64 (11th Cir. 2007) ("Plaintiffs have only thirty days from the notice of removal to file a motion to remand challenging any procedural defects in the removal. . . . The existence of subject matter jurisdiction, on the other hand, may be challenged at any time, including within the first thirty days after the notice of removal."). "The time limitation for removal is not jurisdictional but rather is modal or formal and may be waived." *Loftin v. Rush*, 767 F.2d

800, 805 (11th Cir. 1985), *abrogation on other grounds recognized by Ariail Drug Co., Inc. v. Recomm Int'l Display, Inc.*, 122 F.3d 930, 933 (11th Cir. 1997). Plaintiff's Motion to Remand expressly waives any objection to defendants' untimely filing, and the court therefore proceeds to the question of subject matter jurisdiction.

The Notice of Removal asserts that subject matter jurisdiction exists under the diversity of citizenship statute, 28 U.S.C. § 1332(a). (*See* doc. 1.) Section 1332(a) provides that federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." Section 1332(a) demands "'complete diversity'– the citizenship of every plaintiff must be diverse from the citizenship of every defendant." *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005) (citation omitted). Because the parties enjoy "complete diversity," the only remaining issue before the court is whether the amount in controversy exceeds the jurisdictional threshold.

Where, as here, "a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Although the removing defendant may, and sometimes must, submit evidence demonstrating the propriety of removal, *see, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010), in some

cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754).

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. . . .
>
> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See* [*Pretka*, 608 F.3d at 754]. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *See id*. at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)); *see also Williams* [*v. Best Buy Co.*], 269 F.3d [1316,] 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Id*. at 1061-62. Accordingly, the applicable standard of review is whether it is "facially apparent" from the complaint that the amount in controversy exceeds the jurisdictional minimum, and district courts may employ their "judicial experience and common sense" in making this determination.

The Notice of Removal relies principally on the Complaint's factual allegations and jury verdicts rendered in similar cases to demonstrate that the amount in controversy exceeds

$75,000.³  Although plaintiff declines to stipulate that the amount in controversy is less than $75,000, she seeks remand nonetheless, arguing that defendants have not proved by a preponderance of the evidence that the amount in controversy exceeds $75,000. Specifically, plaintiff contends that the "hard damages" in controversy (*i.e.* the vehicle's cost of repairs or total value and the assessed overcharges) amount to no more than approximately $12,000,⁴ and that defendants' reliance on previously rendered jury verdicts "is, at best, dubious." Plaintiff also distinguishes the principal case cited by defendants in their Notice of Removal, along with noting that most of defendants' supporting cases were decided prior to the "substantial metamorphosis" in Alabama's litigation atmosphere occurring in the mid-to-late 1990's.

As defendants correctly point out, the dispositive issue is not whether plaintiff's "hard damages" exceed $75,000.  The issue is whether the reprehensibility of defendants' alleged misconduct indicates that an amount exceeding $75,000 is more than likely *in controversy*. The fifty-one paged Complaint, as accurately summarized by defendants, alleges that defendants: (1) engaged in a fraudulent, biased, unreasonable, and dilatory "sham claim investigation"; (2) intentionally used invalid investigation procedures; (3) misrepresented that

---

³ Defendants have attached documents regarding the insurance policy and the claim investigation to the Notice of Removal.  Defendants use these documents to draw parallels between this case and jury verdicts rendered in similar cases. As explained *infra*, it is facially apparent from the Complaint itself that the amount in controversy exceeds $75,000, making it unnecessary for the court to consider the documents regarding jury verdicts in other cases.

⁴ The Motion to Remand does not place a specific dollar value on the amount of actual damages.  Plaintiff's counsel provided this estimate at oral argument.

8

additional time was required to investigate the claim when in fact a decision had already been made to deny it; (4) attempted to frighten plaintiff into withdrawing her claim; (5) demanded burdensome and unnecessary information from plaintiff; (6) falsely claimed that the information provided by plaintiff was lost or incomplete; (7) deliberately failed to complete claim handling tasks in a timely manner; (8) disregarded information that supported plaintiff's claim; (9) interrogated plaintiff and fabricated the existence of incriminating evidence; (10) threatened criminal prosecution if plaintiff refused to withdraw her claim; (11) illegally overcharged premiums and assessed hidden fees; and (12) misrepresented and suppressed material facts prior to plaintiff purchasing the insurance policy. (Doc. 8 at 9-10 [citing doc. 1-1 ¶¶ 16, 20-21, 23-27, 33-42].) Based on these factual allegations, plaintiff has requested compensatory damages for a variety of injuries, including mental anguish and emotional distress, as well as punitive damages – a factor district courts must consider in assessing the amount in controversy "unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (citations omitted).

Applying "judicial experience and common sense," the court finds that the Complaint clearly places an amount exceeding $75,000 in controversy based upon the factual allegations, the claims asserted, and the damages requested. Simply stated, plaintiff's theory of the case is that defendants deceived her into purchasing the automobile insurance policy, conducted a "sham claim investigation" with no intention of paying plaintiff her rightful insurance benefits, threatened to criminally prosecute her unless she withdrew her claim,

overcharged premiums, and assessed hidden fees. Plaintiff describes defendants' misconduct as "depraved, rapacious, and callous." (Doc. 1-1 ¶ 72.) Assuming plaintiff presents evidence proving such misconduct, "judicial experience and common sense" tell the court that a reasonable jury would award punitive damages – an award more likely than not exceeding $75,000.  Plaintiff's effort to devalue the amount in controversy as "nominal" is belied by the lengthy allegations of defendants' wrongdoings, which consume the vast majority of her fifty-one paged Complaint.[5]  The court will not permit plaintiff to disclaim the seriousness of defendants' alleged misconduct and the extent of monetary relief sought in an attempt to avoid federal jurisdiction.

### III.  CONCLUSION

For the foregoing reasons, the court finds that it is sufficiently discernible from the

---

[5] As just one example, in Paragraph 72 of the Complaint, plaintiff alleges as follows:

> Defendants opportunistically target this vulnerable class of Alabama citizens, and select and/or target these claimants for [they are] particularly susceptible to Defendants' misconduct and wrongdoing.  This misconduct demonstrates a depraved, rapacious and callous disregard for the rights, well-being, and safety of this vulnerable class of Alabama citizens, who are wrongful[ly] dispossessed of their insured vehicle, and/or forced to suffer being deprived of their vehicle and/or forced to operate their vehicle in an unsafe and/or unprepared condition, not to mention the embarrassment, social approbation and undue financial hardship that inevitable follows denial of their claim.  The Defendants are therefore liable to Plaintiff for punitive damages as a result of their willful, intentional, gross, oppressive and malicious misconduct, in such amounts which are [commensurate] with the extent of their wrongdoing, and in such amounts necessary to discourage and deter their future misconduct, and in such amounts necessary to discourage and deter others who would engage in similar misconduct.

(Doc. 1-1 ¶ 72.)

Complaint that the amount in controversy satisfies the requirements for diversity jurisdiction under section 1332(a). Plaintiff's Motion to Remand, (doc. 4), is therefore due to be denied. An Order denying plaintiff's Motion to Remand will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 1st day of March, 2013.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE